UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| PENN-STAR INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>V.<br><br>PARADISE, INC. d/b/a FILLIES GENTLEMEN'S CLUB, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 5:14-306-KKC<br><br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

    This matter is before the Court on a motion to intervene filed by Joseph Smiley (DE 6). This case stems from a complaint brought by Joseph Smiley in Fayette Circuit Court, styled *Joseph Ollie Smiley v. Paradise, Inc., et al.*, Case No. 14-CI-02159, alleging damages arising out of an incident at Fillies Gentlemen's Club on July 25, 2013 that led to the death of Smiley's wife, M.G.S. Smiley's complaint asserts twelve causes of action: negligence or gross negligence; wrongful death; premises liability; failure to warn; failure to hire, train, and supervise; false imprisonment; assault; battery; intentional infliction of emotional distress; outrage; loss of parental consortium; and loss of spousal consortium. (DE 1-2). Plaintiff Penn-Star Insurance Company ("Penn-Star") filed the instant action in this Court seeking a declaration that it owes no coverage, including defense and indemnity, for any claims arising from the alleged incident on July 25, 2013 under the policy it issued to Paradise, Inc. (DE 1). Joseph Smiley, the plaintiff in the Kentucky state court action, argues that he is entitled to intervene in this action as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), or in the alternative, that the Court should grant

permissive intervention under Federal Rule of Civil Procedure 24(b). (DE 6). Plaintiff Penn-Star argues that Smiley cannot satisfy the requirements for either of-right intervention or permissive intervention. (DE 7). For the reasons stated below, Smiley's motion will be denied.

## I. INTERVENTION

### A. Intervention of Right

Rule 24(a) of the Federal Rules of Civil Procedure provides that certain parties are entitled to intervene in a lawsuit as a matter of right. "[T]o intervene as of right under Rule 24(a)(2), a proposed intervenor must establish the following four elements: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." *United States v. Michigan,* 424 F.3d 438, 443 (6th Cir. 2005) (citation omitted); *see also Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). "'The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied.'" *Michigan*, 424 F.3d at 443 (quoting *Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir. 1989)). Because Smiley cannot show a substantial legal interest in the subject matter of this case, he cannot satisfy the requirements to intervene as a matter of right under Rule 24(a)(2).

The Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right," *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (citation omitted), and "an intervenor need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing[,]" *Providence Baptist Church v. Hillandale Comm., Ltd.,* 425 F.3d 309, 315 (6th Cir. 2005) (citation omitted). Still, this jurisprudence does not mean that "any articulated

interest will do." *Coal. to Defend Affirmative Action v. Granholm,* 501 F.3d 775, 780 (6th Cir. 2007) (citations omitted). Rather, would-be intervenors must show "a direct, significant legally protectable interest" in the subject matter of the litigation, *United States v. Detroit Int'l. Bridge Co.,* 7 F.3d 497, 501 (6th Cir. 1993) (citation omitted), such that it is a "real party in interest in the transaction which is the subject of the proceeding[,]" *Providence Baptist*, 425 F.3d at 317 (quoting *Mich. State AFL–CIO v. Miller,* 103 F.3d 1240, 1246 (6th Cir. 1997)).

The Sixth Circuit has held that "an applicant is not due intervention as a matter of right where the applicant seeks only to protect the assets of a party to the litigation in order to ensure that its own contingent claims to those assets remain valuable in the future." *Reliastar Life Ins. Co. v. MKP Investments*, 565 F. App'x 369, 372 (6th Cir. 2014) (holding that a creditor could not intervene as a matter of right in insurer's declaratory judgment action merely to protect the assets of a party to that litigation which owed a debt to it); *see also United States v. Tennessee*, 260 F.3d 587, 595 (6th Cir. 2001). Notably, in support of its holding, the Sixth Circuit in *Reliastar* cited favorably to a case from the Eighth Circuit that found intervention inappropriate on facts similar to the instant action. *See Reliastar*, 565 F. App'x at 372 (citing *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC,* 485 F.3d 1006, 1008–09 (8th Cir. 2007)). In *Medical Liability*, the plaintiff in the underlying state court tort case sought to intervene in an insurer's declaratory judgment action, and the Eighth Circuit held that the applicant's interest in "ensur[ing] that the defendants in her state lawsuit have sufficient resources to satisfy any judgment she might obtain against them" was insufficient to support intervention as a matter of right. 485 F.3d at 1008–09. Other district courts within this circuit have also denied intervention under similar circumstances. *See Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, No. 3:09-CV-347-S, 2010 WL 1416708, \*2 (W.D.

3

Ky. Mar. 31, 2010) (holding that claimants in state court wrongful death action did not have the substantial legal interest necessary for intervention as of right in insurer's declaratory judgment action because the movants interest was "at best, contingent" where they lacked a state court judgment); *Redland Ins. Co. v. Chillingsworth Venture, Ltd.,* 171 F.R.D. 206, 207 (N.D. Ohio 1997) (denying state court plaintiffs' motion to intervene as of right in insurer's declaratory judgment action because movants had "nothing more than a hypothetical interest in the present action" because they had not yet obtained a judgment in the state court tort action).

Here, Smiley cannot establish a substantial legal interest. This is an action for a declaration of rights under an insurance contract between Penn-Star and Paradise, Inc. Smiley is not a party to that contract and has no legal right to contend for or against coverage. Smiley's only interest is in insurance benefits that may be used to satisfy any potential judgment he obtains against the defendants in his state court lawsuit. Without a state court judgment, Smiley's interest is too contingent to support intervention as a matter of right. *See Reliastar*, 565 F. App'x at 372; *Youth Alive,* 2010 WL 1416708, at *2; *Redland*, 171 F.R.D at 207. Because Smiley has failed to satisfy one element of intervention as a matter of right, it is unnecessary to address the remaining elements.

**B. Permissive Intervention**

Smiley also asserts that he should be permitted to intervene permissively as a defendant in this action. Federal Rule of Civil Procedure 24(b) provides that:

> On timely motion, the court may permit anyone to intervene who . . . *has a claim or defense that shares with the main action a common question of law or fact* . . . . In exercising its discretion, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1)(B), (3) (emphasis added).

4

Smiley contends that he is entitled to permissive intervention because the dispositive facts his state court action are "inexorably tied" to the issue of insurance coverage in the current action, namely whether the incident in question was an "assault and battery only, or an assault and battery and various independent acts of negligence." (DE 9 at 5). However, the matter before the Court is the interpretation of an insurance contract between Penn-Star and Paradise, Inc. In deciding whether an insurance company has a duty to defend its insured, this Court does not resolve the factual disputes of the underlying state court action; instead, this Court "compar[es] the allegations in the underlying complaint with the terms of the insurance policy." *Westfield Ins. Co. v. Tech Dry, Inc.,* 336 F.3d 503, 507 (6th Cir. 2003) (explaining that under Kentucky law, "[a]n insurance company has a duty to defend its insured if the language of an underlying complaint against the insured brings the action within the scope of the insurance contract"); *see also James Graham Brown Foundation, Inc.,* 814 S.W.2d at 279–80 (Ky. 1991) ("The insurer has a duty to defend if there is any allegation which potentially, possibly or might come within the coverage of the policy. The insurance company must defend any suit in which the language of the complaint would bring it within the policy coverage regardless of the merit of the action."). Therefore, contrary to Smiley's argument, there is no "common question of law or fact" between Smiley's state court lawsuit and the instant declaratory judgment action. *See Dixon v. Bank of Tennessee*, No. CIV.A. 2:07-CV-096, 2007 WL 4569711, at *1 (E.D. Tenn. Dec. 20, 2007) (quoting *Liberty Mut. Ins. Co. v. Treesdale, Inc.,* 419 F.3d 216, 228 (3d Cir. 2005) ("Where one suit involves the determination of *liability* between two parties, and '[w]here a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage,' there is no common question of law or fact under Rule 24(b)(2)."); *see also Reliastar*, 565 F. App'x at 374–75 (upholding

lower court's denial of permissive intervention where request to intervene was based solely on intervenor's interest in the proceeds of insurance policy because there was no common question of law or fact); *Youth Alive,* 2010 WL 1416708, at *2 (denying permissive intervention where intervenor's negligence "claims clearly differ from the issue and far exceed the scope of the singular matter of coverage to be addressed in the declaratory judgment action").

Moreover, as a stranger to the insurance contract, Smiley has not indicated how he will offer any additional insight into how it should be interpreted. Instead, Smiley's participation may bring in unrelated issues connected to his state law claim, such as liability and damages. Thus, intervention would only serve to complicate and delay this litigation. *See Redland*, 171 F.R.D. at 208.

## II. CONCLUSION

For the reasons stated above, **IT IS ORDERED** as that Joseph Smiley's motion to intervene (DE 6) is **DENIED**.

Dated September 11, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY